# EXHIBIT "A"

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

WHEREAS there currently exists a dispute between **ROY HWANG** and **HORACE CARR III** (hereinafter "Plaintiffs" or "Employees") and **WASHINGTON COUNTY KENNEL CLUB, INCORPORATED, a Florida Profit Corporation, d/b/a EBRO GREYHOUND PARK & POKER ROOM,** which dispute includes, but is not limited to, the facts and circumstances related to or arising out of the lawsuit styled Roy Hwang *and Horace Carr, III, on Behalf Of Themselves And All Others Similarly Situated, Plaintiffs, v. Washington County Kennel Club, Incorporated, A Florida Profit Corporation, D/B/A Ebro Greyhound Park & Poker Room, Defendant*: CASE NO. 5:15-cv-00128-MW-GRJ in the United States District Court of the Northern District of Florida, Panama City Division, or otherwise related to or arising out of Plaintiffs' employment with Defendant; and

WHEREAS, Defendant denies any wrongdoing or unlawful acts on the part of the Defendant's officers, directors, officials, agents, employees, insurers or others for whom Defendant could be held liable; and

WHEREAS, Defendant in good faith believes that the Plaintiffs' claims related to or arising from employment, whether stated or unstated, are not valid ones, has contested the claims, and would continue to contest the claims, and in good faith believes there is a valid foundation for the defense of such claims; and

WHEREAS, Defendant and Plaintiffs have determined that their respective interests would best be served by completely resolving, compromising, and settling the existing or possible disputes, disagreements and controversies between them without additional delay, litigation, or litigation of any federal, state or other cause yet unfiled; and

WHEREAS, Defendants and Plaintiffs are satisfied that the terms and conditions of this Settlement Agreement and General Release (hereinafter "Release") set forth below are fair, reasonable, and adequate, and in consideration of the mutual promises and covenants exchanged, and other good and valuable consideration as set forth in this Release, the receipt and sufficiency of which is hereby acknowledged, the parties, intending to be legally bound, hereby acknowledge and agree to the following;

1. Defendant's Monetary Consideration. In consideration of Plaintiffs' agreement to the terms herein, Defendant agrees to pay a sum total of Seven Thousand Five Hundred Thirty-Three ($7,533.00) ("Total Settlement Amount"), which shall be payable and rendered in accordance with the procedures set forth below in paragraphs 1(a)-(d).

a. Wages. Defendant will pay a total of the following amounts to each Plaintiff, less payroll and tax deductions required by law to be paid in accordance with paragraph 1(e):

| Roy Hwang | $2,089 |
|---|---|
| Horace Carr III | $1,844 |

The parties agree that an IRS Form W-2 (Wage and Tax Statement) will be issued to each Employee. Employees are responsible for any tax liability for the 2015 tax year.

b. Employees' Attorney Fees and Costs. Defendant will pay a total of THREE THOUSAND FOUR HUNDRED DOLLARS and 00/100 ($3,400.00) to Employees' attorneys representing Employees' attorneys' fees and costs. The parties agree that an IRS Form 1099 will be issued to Employees' attorney for this amount and Employees

agree to indemnify and hold Defendant harmless for any tax liabilities or penalties resulting from this payment being characterized as attorneys' fees and costs.

c. Consideration for General Release of Claims. Defendant will pay a total of $100 to each Plaintiff for consideration of execution of a General Release of Claims.

d. Tender of Settlement Monies. Defendant will tender settlement monies no later than thirty (30) days from the Court's approval of this settlement agreement.

2. Defendant's Nonmonetary Consideration. The Plaintiffs are prohibited from inciting other employees to bring legal proceedings against the Employer.

3. Plaintiffs' Non-Monetary Terms – WCKC will provide former employees with a neutral reference to requests for employment verifications.

4. Release. The parties agree that for the sums specified in paragraph 1(c) above, and for other valuable consideration, Employees, for themselves and any legal representatives, heirs, executors, administrators, successors, and assigns, hereby, without reservation, voluntarily releases, waives, absolves, and forever discharges, to the full extent permitted by law, Employer and its subsidiaries, parent organization(s), related entities, successors, officers, directors, officials, volunteers, assigns, employees, agents, appointees, insurers, contractors, attorneys, servants, heirs, any and all other officials or employees of Defendant, all in their official and individual capacities and including former members of any of the foregoing groups (hereinafter collectively referred to as the "Employer"), from any and all claims, demands, actions, liens, contracts, covenants, wages, obligations, debts, judgments, causes of action, or suits at law or in equity, of any kind or nature, whether these claims are known to Employees at this time or unknown, suspected or not suspected, and whether or not concealed or

hidden, from the beginning of the world up to and including the date this Release is executed by both parties, and upon, or by reason of any damage, injury, or loss, including but not limited to, actual damages, compensatory damages, punitive damages, attorneys' fees, interest, costs, reinstatement, back pay, front pay, other special damages, general damages, claims for emotional distress, mental anguish and related claims, and/or other equitable relief. Employees agree to complete any tax reporting forms which the Defendant may require.

5. Complete Settlement. This Release is intended as full and complete settlement of the claims raised in the legal proceeding identified above and any other claims that could have been raised resulting from Employees' employment or other interaction with the Employer. The terms of this Release are intended as full and complete settlement of Employees' claims against the Employer for damages or relief of any type or form.

6. General Release of Claims. The claims, demands, actions, causes of action, or suits at law or in equity encompassed by this Release include, but are not limited to, those arising under the following[1]:

The Florida Civil Rights Act, as amended, Florida Statutes Chapter 760;
Title VII of the Civil Rights Act of 1964, as amended;
The Civil Rights Act of 1991;
The Americans With Disabilities Act of 1990, as amended;
The Rehabilitation Act of 1973;
The Occupational Safety and Health Act;
42 U.S.C. §§ 1981 through 1988, as amended;
The Family Medical Leave Act of 1993;
The Employment Retirement Income Security Act of 1974, as amended (except such rights as may be vested under any retirement plan sponsored by the Defendant);

[1] Inclusion of these various potential causes of action does not concede that they are all applicable to Employer. References to statute chapters or sections are illustrative, and intended to include the laws described even if renumbered or amended as of the date of this Release.

The Immigration Reform and Control Act;
Consolidated Omnibus Budget Reconciliation Act of 1986;
The National Labor Relations Act, 29 U.S.C. §§151-169;
The Rehabilitation Act of 1973, as amended, 29 U.S.C. §§701-769i;
The Violence Against Women Act;
The Federal False Claims Act, 31 U.S.C. § 3729-3733 and the Florida False Claims Act;
Florida's Workers' Compensation laws, Chapter 440, Fla. Stat.;
Florida's Workers' Compensation Retaliation Statute, § 440.205;
Florida Wage Discrimination Law - §448.07;
Florida Whistle-blower's Acts - §§112.3187, et seq. and 448.101, et seq.
Florida Equal Pay Law - §725.07
Florida's Wage Statute - §448.08

And any and all and/or any other Federal or State equal opportunity law, employee bargaining law, statute, common law doctrine, public policy, executive order, and/or any other claims, including all suits in tort or contract, including, but not limited to, those in equity for promissory estoppel or specific performance, and those at law for unpaid wages, violation of a covenant of good faith and fair dealing, a breach of an implied employment contract, breach of an oral or written contract, misrepresentation, defamation, slander, invasion of privacy, fraud, intentional or negligent infliction of emotional distress, interference with prospective economic advantage, interference with contractual relations, interference with advantageous business relations, assault, battery, or negligence, or any claim arising under criminal law for which civil damages are available, or any other criminal claim, and/or any federal constitutional or statutory or common law actions, any and all state constitutional, statutory, or common law actions, and any and all local ordinances and regulations, and/or any other claim arising out of Employee's employment with Defendant, any other claim, wrong or complaint which Employee had, now has, or may claim to have against the Employer for which Employee or Employee's heirs, executors, or administrators hereafter can, shall or may have against Employer for, upon or by reason of any matter, cause or thing whatsoever, at any time up to the effective date of this Agreement.

This Release also covers all claims made by Employee under the Fair Labor Standards Act, as amended ("FLSA"). Upon approval by the Court of this Agreement, Employee agrees to release and forever waive any and all claims Employee has or could have made against Employer for overtime compensation under the FLSA.

7. No Further Action. In consideration of the terms set forth above, Employees hereby also agree, on the Employees' own behalf as well as any heirs, executors, administrators and assigns, to waive, release, forever discharge and voluntarily covenant not to sue the Employer regarding any actions or omissions that occurred prior to execution of this Release. Employees hereby affirm that each

Employee has not transferred or assigned to any person or entity any rights, claims, or causes of action which the Employee has or might have had against the Employer. Employees also affirm that the Employees have not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Employer in any forum or form, other than those specifically enumerated by case number and/or Charge number herein. Employees expressly agree that acceptance of the consideration stated in this Release shall be a complete bar to, and release from, any and all claims that could otherwise be brought in the future by Employees relating to employment with Employer based upon events prior to the execution of this Release. Employees further agrees that Employees are waiving the right to recover any monetary award should either the Employee, the Equal Opportunity Employment Commission, the Florida Commission on Human Relations, the Department of Labor, or any other agency or representative files a suit, charge, claim or action on the Employees' behalf against Employer with respect to Employees' employment with Employer. Employees further affirm that all employment matters that Employees reasonably believe were or could have been a violation of any federal, state or local law, rule, regulation or constitution have been brought to Employer's attention and are satisfactorily resolved. Employees further agree that there is no reason to bring any suit, charge, complaint or similar action against Employer relating to any employment matters and that Employees will not do so in the future regarding any matters that existed prior to the execution of this Release. Employees hereby agree that if Employees do file any such suit, charge, complaint or similar action relating to matters that existed prior to the execution of this Release, that Employer may submit a copy of this Release to the appropriate court, agency, or other body and that

this Release shall act as a voluntary dismissal with prejudice by Employees of any such suit, charge, complaint or similar action.

8. Waiver of Attorneys' Fees and Costs. Any compensation described herein includes the parties' agreement, if any, with regard to attorneys' fees. Employees and Employer waive any claim or entitlement to attorneys' fees or costs other than as set forth herein and agree that neither party nor anyone acting on their behalf will petition any court of competent jurisdiction for an award of attorneys' fees or costs relating to any of the actions or potential actions described in this Release.

9. Employees Affirmation. Employees affirm that the Employees have reported all hours worked during employment with Employer, as of the date of this release, and has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, incentives, and/or benefits to which the Employees may be entitled, and that no other leave (paid or unpaid), compensation, wages, bonuses, incentives, and/or benefits are due. Employees further affirm that the Employees have no known workplace injuries or occupational diseases that have not already been reported.

10. Tax Consequences. Nothing contained herein shall be construed or relied upon as any advice or opinion by or on behalf of Employer regarding the tax treatment of the settlement payment made hereunder. Employees also acknowledges that neither the Employer nor any persons assisting Employer in any manner with negotiation or resolution of this matter have advised Employees of the tax consequences, if any, resulting from monies paid under this Release.

11. Warranty. Employees warrant there are no pending lawsuits, Complaints, or Charges filed by Employees relating to Employer, and that case number CASE NO.:

5:15-cv-00128-MW-GRJ will be dismissed, with prejudice within 5 days of the Court approving this settlement agreement.

12. No Admission of Liability. This Release is freely entered into by all parties for the purpose of achieving final resolution of the disputes between them, but it in no way constitutes any admission, stipulation, or resolution of any issues of law or fact by any of the parties to this Release.

13. Entire Agreement; Modification. The parties agree that this is the entire agreement between the parties. This Agreement overrides and replaces all prior negotiations and terms proposed or discussed, whether in writing or orally, about the subject matter of this Agreement. This Release is made without reliance upon any statement or representation of any party hereby released except those contained in this Release. This Release may not be modified except by a writing signed by all the parties to this Release. Any oral or written promises or assurances not contained in this Release are waived, abandoned, withdrawn and without legal effect. The Parties agree that this Settlement Agreement may be executed in several counterparts and that each counterpart shall be deemed an original and that said counterparts shall constitute one and the same instrument.

14. Governing Law and Interpretation. The language of all parts of this Release shall be construed as a whole and according to its fair meaning and not strictly for or against either party and it is expressly understood and agreed that this Release shall be governed by and shall be construed in accordance with the laws of the State of Florida without regard to its conflict of laws provisions, and that any rule requiring construction of a document against its drafter shall not be applied in this case.

15. Remedies for Breach. The parties agree that if either Employees or Employer breaches this Release, that the only remedy therefore will be an action for specific performance and that the proper venue for such action will be Leon County, Florida.

16. Severability. If any court of competent jurisdiction determines that any provision of this Agreement is invalid, illegal or unenforceable in any respect, and cannot be modified to be enforceable, excluding the general release language in paragraphs 5 and 7, such provision shall immediately become null and void, leaving the remainder of this Release in full force and effect.

17. Amendment. This Release may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Release.

18. Employee Has Read and Understood Release. Employee acknowledges that he has read and understands the purpose, tenure and effect of this Release, and he specifically acknowledges that he has been advised by the Defendant to consult with an attorney, and has had the opportunity to consult with his attorney before signing this Release. Employee further acknowledges that this Release fully, completely, accurately, and truly sets forth the agreement between the parties. Therefore, Employee agrees that signing this Release is done knowingly, freely, voluntarily and without the execution of duress.

19. Court Approval. The Parties agree to submit this Agreement to the Court for approval within 7 days of execution by all parties of this Agreement and will stipulate to the Court that the payments made hereunder are in full satisfaction of any and all claims for overtime made by Employees.

20. Jointly Drafted. The Parties and their respective counsel mutually contributed to the preparation of, and have had the opportunity to review and revise this Agreement. Accordingly, no provision of this Agreement shall be construed against any Party because that Party, or its counsel, drafted the provision. This Agreement and all of its terms shall be construed equally as to all Parties.

21. Timing of Execution of Agreement by all Parties. This agreement becomes valid upon execution by all parties.

**HAVING ELECTED TO SIGN THIS RELEASE, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN CONSIDERATION, EMPLOYEE ENTERS INTO THIS RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST EMPLOYER.**

**FOR PLAINTIFFS:**

[signature]
**ROY HWANG** — **Date:** 6-12-15

______________________________
**HORACE CARR III** — **Date:** ______________________________

**FOR DEFENDANT:**

[signature]
**WASHINGTON COUNTY KENNEL CLUB PRESIDENT/STOCKTON HESS** — **Date:** 6-26-15

20. Jointly Drafted. The Parties and their respective counsel mutually contributed to the preparation of, and have had the opportunity to review and revise this Agreement. Accordingly, no provision of this Agreement shall be construed against any Party because that Party, or its counsel, drafted the provision. This Agreement and all of its terms shall be construed equally as to all Parties.

21. Timing of Execution of Agreement by all Parties. This agreement becomes valid upon execution by all parties.

**HAVING ELECTED TO SIGN THIS RELEASE, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN CONSIDERATION, EMPLOYEE ENTERS INTO THIS RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST EMPLOYER.**

**FOR PLAINTIFFS:**

______________________________ Date: ______________________

**ROY HWANG**

______________________________ Date: 6/21/2015

**HORACE CARR III**

**FOR DEFENDANT:**

______________________________ Date: 6-26-15

**WASHINGTON COUNTY KENNEL CLUB PRESIDENT/STOCKTON HESS**